

ORDERED in the Southern District of Florida on July 10, 2012.



**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

John H.W. Gefaell d/b/a Tall Grass Capital Partners, LLC, f/d/b/a Warm Springs Development, LLC,

   Debtor.
_____/

Case No. 12-13561-EPK
Chapter 13

*To resolve hearing set for July 16, 2012 at 1PM*

### AGREED ORDER GRANTING WELLS FARGO BANK RELIEF FROM THE AUTOMATIC STAY

THIS MATTER came on for consideration upon the Motion for Relief from the Automatic Stay (ECF No. 34) (the "Motion") filed by Wells Fargo Bank, N.A., as Trustee for ABFC 2004-OPT4 Trust, ABFC Asset-Backed Certificates, Series 2004-OPT4 (the "Movant") with respect to the property located at 5 Chapman Road, Westerly, RI 02891 (the "Property"). The Court being advised that Movant and Debtor agree to the entry of an order containing these terms, it is

**ORDERED:**

C96.2408

1.  The Motion is granted.

2.  The automatic stay imposed by 11 U.S.C. § 362 is lifted as to Movant, its successors and assigns, to allow it to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property, legally described as:

> That certain tract or parcel of land, together with buildings and improvements thereon, lying and being in the Village of Weekapaug in said Town of Westerly, County of Washington and State of Rhode Island and being shown as Lot #96 on a certain plan or plat entitled "Plat of land at Weekapaug Beach on Noyes Neck in the Town of Westerly, R.I., showing all the land now owned by the Annie L. Chapman Estate, also showing adjacent properties. Plat compiled from surveys by T.G. Hazard Jr., during 1906 and revisions of same to June 1946 and from actual surveys by Leon L. Holland to Juen 1947. Complied and platted June 28, 1947, Leon L. Holland, Civil Engineer, Scale: 1inch equals 100 feet." Said tract being more particularly bounded as follows:
>
> Beginning at a point on the southerly side of Chapman Road, so-called, said point being the northwesterly corner of the parcel herein conveyed and also being the northwesterly corner of land now or formerly of Charles E. Smith, et ux.;
>
> Thence easterly along the southerly line of Chapman Road fifty-nine and seventy-two hundredths (59.72) feet to the northeasterly corner of the parcel herein conveyed, said point also being the northwesterly corner of land now or formerly of Frank B. Avery and wife;
>
> Thence southerly bounded easterly to said Avery land three hundred ten (310`) feet, more or less, to land now or formerly of Milan Moscaritolo;
>
> Thence northwesterly and westerly bounded southerly to said Moscaritolo land and land now or formerly of Joan N. Kempfe to the southwesterly corner of the parcel herein conveyed;
>
> Thence northerly three hundred (300') feet to the point and place of beginning. Bounded westerly by land now or formerly of John Robert Walsh, land now or formerly of M.M. Eade, et ux., land now or formerly of E.L. Harvey, land now or formerly of S.R. Smith et ux., and land now or formerly of Charles E. Smith et ux. or however otherwise bounded.
>
> Together with all the rights to use all the avenues, roads and lanes designated on said plat, as are now open or may be hereafter opened to public ways, for all purposes for which streets and highways are customarily used in said westerly and also a right of way to the Atlantic Ocean over land now or formerly of Chapman Realty Corporation by such paths as now exist or may be hereafter designated for

C96.2408

such.

3.  This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4.  All direct communications are allowed between Movant, its successors and assigns, and Debtor in connection with proceeding against the Property including, but not limited to, notices required by state and federal law and communications to offer and provide information with regard to a potential forbearance agreement, loan modification, refinance agreement, loss mitigation agreement or other loan workout.

5.  This Order is entered for the sole purpose of allowing Movant to obtain an *in rem* judgment against the Property and Movant shall not seek an *in personam* judgment against the Debtor.

###

Order submitted by:
Reka Beane, Esq.
Florida Bar No. 52919
rbeane@acdlaw.com
Ablitt|Scofield, P.C.
The Blackstone Building
100 South Dixie Highway, Suite 200
West Palm Beach, FL 33401
Telephone: (954) 600-6873
Fax: (561) 249-0721
Attorney for Wells Fargo Bank

**Reka Beane, Esq. is directed to serve copies of this Order on the parties entitled to notice and file a certificate of service.**

C96.2408